# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2010

No. 07-40145

Lyle W. Cayce
Clerk

JESUS NATIVIDAD SANTOS-SANCHEZ,

Petitioner–Appellant

v.

UNITED STATES OF AMERICA,

Respondent–Appellee

Appeal from the United States District Court
for the Southern District of Texas
(06-CV-153)

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

In *Santos-Sanchez v. United States*, 548 F.3d 327, 336 (5th Cir. 2008), *vacated by* --- S. Ct. ----, No. 08-9888, 2010 WL 1265856 (Apr. 5, 2010), we held, *inter alia*, that the alleged failure of Jesus Natividad Santos-Sanchez's attorney to warn him of the immigration consequences of his guilty plea did not constitute ineffective assistance of counsel warranting coram nobis relief. In *Padilla v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-40145

*Kentucky*, the Supreme Court held that the Sixth Amendment mandates that "counsel must inform her client whether his plea carries a risk of deportation." 130 S. Ct. 1473, 1486 (2010). Subsequently, the Supreme Court vacated our judgment in *Santos-Sanchez* and remanded the case to us for further consideration.

We find that *Padilla* has abrogated our holding in *Santos-Sanchez*. We therefore vacate the district court's denial of Santos-Sanchez's petition for a writ of coram nobis and remand to the district court for further proceedings consistent with *Padilla*.[1]

VACATED and REMANDED.

---

[1] We note that Santos-Sanchez's deportation neither deprives the district court of jurisdiction nor renders his petition moot. *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (holding, in the context of a writ of habeas corpus, that a bar on re-admission following removal or deportation is a legally cognizable collateral consequence, and thus deportation did not render the petition moot).